UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE RODRIGUEZ,

                Plaintiff,

-against-

UNITED STATES OF AMERICA, et al.,

                Defendants.

1:21-CV-4300 (LTS)

PARTIAL TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, currently held as a federal pretrial detainee in the Essex County Correctional Facility ("ECCF"), in Newark, New Jersey, brings this *pro se* action asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and under multiple federal and state statutes. He asserts claims regarding the conditions of his confinement in the ECCF. He also appears to challenge policies implemented in New York in connection with the COVID-19 pandemic, which he alleges are affecting his pending criminal proceeding.[1] For the following reasons, the Court severs Plaintiff's claims challenging the conditions of his confinement in the ECCF, and transfers them to the United States District Court for the District of New Jersey.[2]

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

---

[1] Plaintiff does not specify where his federal criminal proceeding is pending – he does not specify the court in which it is pending or the corresponding case number – but because Plaintiff sues one of the judges of this court and this court itself, it appears that Plaintiff's criminal proceeding may be pending in this court.

[2] Plaintiff submitted an *in forma pauperis* ("IFP") application and certification of his prison trust fund account (ECF 1), but he did not submit the prisoner authorization form used in this court to authorize withdrawals from his prison trust fund account to pay the $350 filing fee in installments. By separate order, the Court will direct Plaintiff to either pay the fees to bring this action or complete, sign, and submit a prisoner authorization form appropriate for this court.

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(1), (2).

The events giving rise to Plaintiff's claims about the conditions of his confinement in the ECCF have taken place outside this judicial district, in New Jersey, and therefore venue for such claims is not proper here under § 1391(b)(2). Plaintiff names defendants residing in New Jersey in connection with those claims, including the County of Essex, New Jersey; ECCF Warden Guy Cirello; CFG Medical Services; ECCF Director Alfaro Ortiz; New Jersey Governor Phil Murphy; and the United States Marshals Service in Trenton, New Jersey. Venue for those claims is not proper in this district under § 1391(b)(1) because Plaintiff does not allege that all defendants are residents of New York, where this judicial district is located.

Plaintiff's claims challenging the conditions of his confinement in the ECCF arose in New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue for those claims lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2).

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as

2

defendants in the same lawsuit pursuant to Rule 20(a)") (internal quotation marks and citation omitted, alteration in original). Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Under Rule 21, the Court severs Plaintiff's claims that arose in New Jersey and transfers those claims to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Court severs Plaintiff's claims that arose in New Jersey and are asserted against Defendants County of Essex, New Jersey; ECCF Warden Guy Cirello; ECCF Director Alfaro Ortiz; CFG Medical Services; New Jersey Governor Phil Murphy; and the United States Marshals Service in Trenton, New Jersey, and transfers those claims to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees in the action encompassing those claims is a determination to be made by the transferee court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: May 21, 2021
        New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                Chief United States District Judge